**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

**Paul Maslo** (to be admitted *pro hac vice*)
Email: pmaslo@NapoliLaw.com
**Andrew Dressel** (to be admitted *pro hac vice*)
Email: adressel@NapoliLaw.com
Napoli Shkolnik PLLC
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone: (212) 397-1000

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| EAL LEASING, INC., <br><br> Plaintiff, <br><br> v. <br><br> AGUSTAWESTLAND PHILADELPHIA CORPORATION, <br><br> Defendant. | Case No. 1:17-cv-00386 <br><br> **COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.   Plaintiff EAL Leasing, Inc. is the owner of an A109A MK II helicopter (the "Aircraft"), manufactured, distributed and sold by Defendant AgustaWestland Philadelphia Corporation.

{SSBLS Main Documents/8854/001/00638057-1 }
Page 1 -  **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

2.  Prior to 2008, Defendant knew or should have known that the Aircraft and its blades contain one or more design and/or manufacturing defects that causes them to develop cracks within the blade, observable only through a lengthy x-ray process.

3.  The Aircraft are defective because the blades are prone to developing this interior cracking. Indeed, the Federal Aeronautics Administration has issued an Airworthiness Directive (attached as Exhibit 1), effective February 16, 2016, directing pilots to inspect the Aircraft's blades for cracks prior to every flight. While the Airworthiness Directive asserts that the problem can be remedied for approximately $30,340.00, the cost is in fact much more than that, approaching half a million dollars.

4.  Because of the tiny interior cracks that may develop within the Aircraft's blades, the FAA requires owners to engage in a four-hour inspection process prior to using the Aircraft. This effectively renders the Aircraft unusable. Nor is the defect remedied by blade replacement because all available replacement blades would suffer from a similar defect and require the same onerous inspection process after 500 hours of use.

5.  The Aircraft's blade defects present a safety hazard and are unreasonably dangerous to users because cracked blades can lead to mid-air failures and potential fatalities.

6.  Defendant knew, or should have known, that the Aircraft is defective because of the blades and not fit for its intended purpose of providing owners with safe and reliable transportation. Nevertheless, Defendant actively concealed and failed to disclose this defect to Plaintiff at the time of purchase and thereafter.

7.  Defendant also knows that there is no permanent way to safely remedy the blade defects.

{SSBLS Main Documents/8854/001/00638057-1 }
Page 2 -  **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

8.   Despite notice of the blade defect from the FAA, Defendant has not recalled the Aircraft to replace the defective blades free of charge. Nor has Defendant offered to reimburse Plaintiff for the costs incurred in remedying the blade defect.

9.   Defendant knew and concealed the blade defect, along with the attendant dangerous safety problems and associated repair costs, from Plaintiff both at the time of sale and repair and thereafter. Had Plaintiff, at the time of purchase, known about the blade defect and/or the monetary costs associated with remedying the blade defect, they would not have purchased the Aircraft or would have paid less for it.

10.   As a result of their reliance on Defendant's omissions and/or misrepresentations, Plaintiff has suffered ascertainable loss of money, property, and/or value of the Aircraft.

11.   As a result of Defendant's misconduct, Plaintiff has been harmed and have suffered actual damages in that the Aircraft are no longer airworthy without expensive part replacements and maintenance.

## PARTIES

12.   EAL Leasing, Inc. is an Oregon corporation headquartered in Klamath Falls, Oregon.  In May 2015, EAL Leasing, Inc. purchased the Aircraft.

13.   AgustaWestland Philadelphia Corporation is a corporation organized and in existence under the laws of the State of Delaware and registered with the Pennsylvania Department of State to conduct business in Pennsylvania. It is headquartered in Philadelphia, Pennsylvania. At all relevant times, it was engaged in the business of marketing, distributing, and selling the Aircraft in Oregon.

{SSBLS Main Documents/8854/001/00638057-1 }
Page 3 -   COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## JURISDICTION AND VENUE

14. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity exists between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

15. This Court has jurisdiction over Defendant because it has sufficient minimum contacts in Oregon or otherwise intentionally avails itself of the markets within Oregon through the promotion, sale, marketing, and distribution of its aircraft—including the Aircraft—in California.

16. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

17. For years, Defendant has designed, manufactured, distributed, sold, and leased the Aircraft.

18. Defendant has sold, directly or indirectly, through various retail outlets, hundreds of Aircraft in Oregon and throughout the world.

19. The Aircraft's blades are defective because they crack through usual use, rendering the Aircraft unusable absent the use of expensive replacement parts and onerous inspection processes.

20. This defect is substantially and unreasonably dangerous to users and passengers because the Aircraft could fail mid-flight, endangering the lives of pilots, passengers and people on the ground.

21. On information and belief, Defendant acquired its knowledge of the blade defect prior to its announcement by the FAA and through sources not available to Plaintiff, including,

{SSBLS Main Documents/8854/001/00638057-1 }
Page 4 -   COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

but not limited to, pre-release testing data, early user complaints about the blade defect to Defendant and its sellers, testing and other internal investigations, high failure rates, replacement parts sales data, and aggregate data from third-party sellers, among other internal sources of aggregate information about the blade defect.

22. Defendant had, and has, a duty to disclose the blade defect to the owners of the Aircraft, because, among other reasons, the blade defect poses an unreasonable safety hazard. Defendant had, and has, exclusive knowledge or access to material facts about the Aircraft and their blades that were and are not known or reasonably discoverable by Plaintiff. Defendant has actively concealed the blade defect from its customers.

23. The blade defect poses an unreasonable safety risk for Plaintiff, as well as passengers and others in the vicinity of the Aircraft.

24. All owners of the Aircraft have been informed by the FAA that they must undertake expensive and impracticable remedial action before they can operate the Aircraft.

25. Defendant actively concealed the existence and nature of the blade defect from Plaintiff at the time of purchase and thereafter:

    a. Defendant failed to disclose, at and after the time of purchase and thereafter, any and all known material defects or material nonconformities of the Aircraft, including the blade defect and the significantly high repair costs;

    b. Defendant failed to disclose at the time of purchase that the Aircraft and their blades were not in good working order, were defective, and were not fit for their intended purpose; and

{SSBLS Main Documents/8854/001/00638057-1 }
Page 5 -   **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

      c.      Defendant failed to disclose or actively concealed the fact that the Aircraft and their blades were defective, despite the fact that Agusta learned of such defects prior to selling the Aircraft.

26.     Agusta has caused Plaintiff to expend money by purchasing the Aircraft and/or taking remedial measures related to the blade defect contained in the Aircraft.

27.     Agusta has not recalled the Aircraft to repair the blade defect, has not offered to Plaintiff a suitable repair or replacement of parts free of charge related to the blade defect, and has not offered to reimburse Plaintiff for costs incurred relating to repairs related to the blade defect.

28.     Plaintiff has not received the value for which they bargained when they purchased the Aircraft.

29.     Plaintiff, like any reasonable purchasers, expect and assume that a helicopter's blades are safe, reliable, and not susceptible to cracking. They expect and assume that the blades will not fail before their useful expected life has run. Plaintiff further expects and assumes that Defendant will not sell helicopters with known safety defects, such as the blade defect, and will disclose any such defect to purchasers when it learns of the defect. It does not expect Defendant to fail to disclose the blade defect to purchasers, to continually deny the defect, or to characterize the blade defect as normal such that purchasers can deal with it through visual inspection of the blades.

## TOLLING OF THE STATUTE OF LIMITATIONS

30.     Any applicable statute(s) of limitations has been tolled by Defendant's knowing and active concealment and denial of the facts alleged in this Complaint. Plaintiff could not have

{SSBLS Main Documents/8854/001/00638057-1 }
Page 6 - **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

reasonably discovered the true, latent, defective nature of the blade defect until the issuance of the FAA Airworthiness Directive.

31. Defendant was, and remains, under a duty to disclose to Plaintiff (1) the true character, quality, and nature of the Aircraft; (2) that this defect is based on a poor design; and (3) that it will require costly repairs, poses a safety concern, and diminishes the resale value of the Aircraft. As a result of Defendant's active concealment, any and all applicable statutes of limitations have been tolled.

## FIRST CAUSE OF ACTION

### (Fraud by Omission)

32. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

33. Defendant knew, or should have known, that the Aircraft and its blades were defectively designed or manufactured, would fail, and were not suitable for their intended use.

34. Defendant concealed from and failed to disclose to Plaintiff the defective nature of the Aircraft and its blades.

35. Defendant was under a duty to Plaintiff to disclose the defective nature of the Aircraft and its blades because it was in a superior position to know the true state of facts about the safety defect contained in the Aircraft and their blades; it made partial disclosures about the quality of the Aircraft without revealing the defective nature of their blades; and it actively concealed the defective nature of the Aircraft and its blades from Plaintiff.

36. The facts concealed or not disclosed by Defendant to Plaintiff are material because a reasonable person would have considered them to be important in deciding whether to purchase the Aircraft or pay a lesser price for the Aircraft. Had Plaintiff known the defective

{SSBLS Main Documents/8854/001/00638057-1 }
Page 7 -   COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

nature of the Aircraft and its blades, they would not have purchased the Aircraft or would have paid less for it.

37. Defendant concealed or failed to disclose the true nature of the design or manufacturing defects contained in the Aircraft and their blades in order to induce Plaintiff to act purchase them. Plaintiff justifiably relied on the omission to their detriment. This detriment is evident from Plaintiff's purchases of the Aircraft.

38. Defendant continued to conceal the defective nature of the Aircraft and its blades even after owners began to report problems.

39. As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered and will continue to suffer actual damages.

## SECOND CAUSE OF ACTION

### (Breach of Implied Warranty of Fitness for a Specific Purpose)

40. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

41. Defendant was at all times the manufacturer, distributor, warrantor, and/or seller of the Aircraft. Defendant knew, or had reason to know, of the specific use for which the Aircraft was purchased.

42. Defendant provided Plaintiff with an implied warranty that the Aircraft and any of its parts are fit for the ordinary purposes for which they are sold. But the Aircraft are not fit for their ordinary purpose of providing safe and reliable transportation because the Aircraft and its blades suffered from a defect at the time of sale and thereafter were not fit for their particular purpose of providing safe and reliable transportation.

{SSBLS Main Documents/8854/001/00638057-1 }
Page 8 -  **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

43. Contrary to the applicable implied warranty, the Aircraft and its blades were defective at the time of sale and thereafter and were not fit for their ordinary and intended purpose of providing Plaintiff with reliable, durable, and safe transportation. Instead, the Aircraft is defective because the defective design and manufacture of the blades.

## JURY DEMAND

44. Plaintiff hereby demands a trial by jury.

## RELIEF REQUESTED

Plaintiff requests the Court to enter judgment against Defendant, as follows:

a. For damages, specific performance, and restitution in an amount to be proven at trial;

b. An order enjoining Defendant from further deceptive distribution, sales, and lease practices with respect to the Aircraft and requiring Defendant to remove and replace Plaintiff's blades with a suitable alternative product;

c. An award of pre-judgment and post-judgment interest, as provided by law; and

d. Such other relief as may be appropriate under the circumstances.

DATED this 8th day of March, 2017.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/ Steve D. Larson
   **Steve D. Larson**, OSB No. 863540

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: slarson@stollberne.com

and

{SSBLS Main Documents/8854/001/00638057-1 }
Page 9 - **COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**Paul Maslo** (to be admitted *pro hac vice*)
Email: pmaslo@NapoliLaw.com
**Andrew Dressel** (to be admitted *pro hac vice*)
Email: adressel@NapoliLaw.com
Napoli Shkolnik PLLC
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone:    (212) 397-1000

Attorneys for Plaintiff

{SSBLS Main Documents/8854/001/00638057-1 }
Page 10 **- COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840